NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**Mala Sundar**
  **JUDGE**

R.J. Hughes Justice Complex
 P.O. Box 975
 25 Market Street
 Trenton, New Jersey 08625
 Telephone (609) 943-4761
 TeleFax: (609) 984-0805
taxcourttrenton2@judiciary.state.nj.us

June 8, 2017

Shu Chung Lee
Self-represented

Abiola Miles
Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 106
Trenton, New Jersey 08625

      Re:    Shu Chung Lee v. Director, Division of Taxation
               Docket No. 007387-2017

Dear Mr. Lee and DAG Miles:

This letter constitutes the court's opinion after a hearing in the above captioned matter. Plaintiff appealed defendant's April 18, 2017 final determination which denied his claim for a homestead benefit for tax year 2013 as being untimely.

For tax year 2013, the filing deadline was December 31, 2015 (extended from October 30, 2015). Plaintiff filed a paper application (by telefax) on May 27, 2016.

Plaintiff asserts that he never received the 2013 application. Defendant ("Taxation") asserts that it emailed the application to plaintiff. Per Taxation, when plaintiff filed for homestead benefit for tax year 2012, he opted for email delivery of benefit applications for future years, by including his email address shu.lee.nj@comcast.net. The section of the rebate application providing for this electronic delivery option stated:

\*

If you enter an email address, you will not receive a paper application packet by mail next year. Instead . . . Taxation will send an email message to the address you provide that contains information on filing your homestead benefit application. Be sure to add njhomesteadbenefitapp@treas.state.nj.us to your address book or list of approved senders to ensure that you receive this message.

Taxation sent three emails to the email address provided by plaintiff, the content of which was identical to emails sent by Taxation to all homeowners who had indicated a preference for email delivery of the homestead benefit application.[1] The first email was sent August 6, 2015 which notified homeowners that the 2013 benefit applications would be sent early September. The second was sent September 4, 2015 which contained the homestead benefit application and a link to file the application online on Taxation's server. The third email was sent September 29, 2015 which reminded homeowners to file the application by October 30, 2015, and included the prior email message and link for electronic filing. The first two emails also contained a message that the application was being emailed because the taxpayer had opted in its 2012 application for email delivery instead of "paper application in the U.S. mail." Taxation noted that its records showed successful email delivery, and there was no bounce back indicating that its emails were undeliverable. Those records showed as follows:

TYTR_Saver_Email sendEmails - 20150806 19:30:44 - shu.lee.nj@comcast.net Y
TYTR_Saver_Email sendEmails - 20150904 19:15:08 - shu.lee.nj@comcast.net Y
TYTR_Saver_Email sendEmails - 20150929 19:11:02 - shu.lee.nj@comcast.net Y

The string showed the year, date, time sent, recipient address, and successful delivery.

---

[1] Taxation provided a paper copy of the email content. The sender was identified as Division of Taxation, and the recipient "Chang, Tsung." The subject lines of the three emails were: "Attention New Jersey Homestead Benefit applicants;" "File Your 2013 Homestead Benefit Application;" and "Reminder to File Your 2013 Homestead Benefit Application." Taxation's employee testified that Taxation's IT department was unable to provide a copy of the actual email sent out to the taxpayers, thus, could only provide the notices as attachments to an internal email between Taxation employees (such as here, Chang, Tsung). The reproduced notifications to taxpayers were in letter format with the State of New Jersey's letterhead and seal.

Plaintiff claimed that he never received any of the emails. He called Taxation in May of 2016 asking about a homestead benefit application for 2013. Taxation mailed him a paper copy but advised him that if filed, it would be denied as untimely, and plaintiff could appeal that denial. Plaintiff then telefaxed the 2013 paper application to Taxation on May 27, 2016. That application noted his email address as the same one in Taxation's email delivery acknowledgement string, i.e., shu.lee.nj@comcast.net.

In July of 2016, Taxation denied the application as untimely. Plaintiff filed a timely protest which resulted in a final determination by Taxation that the application was untimely. The final determination noted that plaintiff had requested email delivery of future benefit applications, three emails were sent to him, and since he could not prove inability to timely file due to medical reasons, he was not entitled to a rebate for 2013 (in the amount of about $639).

Plaintiff conceded the accuracy of this email address. He was unable to recall if he opted for future email delivery of homestead applications. He conceded that Taxation's emails may have been deemed as SPAM by his computer server, thus, could have been delivered but not read. He however argued that it is Taxation's burden to prove that the emailed application was actually read by the taxpayer recipient, which Taxation could have done by opting to receive an electronic read receipt message to that effect. If there is no electronic notification that the recipient read Taxation's email, then per plaintiff, Taxation must follow-up by sending the taxpayer a paper application by regular mail.

The court finds that Taxation has no such burden. Taxation does have a duty to initially send homestead applications, whether by regular mail, or if requested by email. See N.J.S.A. 54:4-

3

8.62.[2]  However, it is plaintiff's responsibility to ensure timely filing of the same, and Taxation is under no obligation to ensure plaintiff read his emails, or to re-send an application especially when there is no notice or indication that its initial emails were undeliverable.

Here, the sample copies of the notifications do not, in and of themselves, prove that Taxation sent those notifications by email to plaintiff.  This is especially so when they were not accompanied by any testimony of, or certification by, an employee familiar with Taxation's computer technology that emails sent to taxpayers contained the sender's address as njhomesteadbenefitapp@treas.state.nj.us, since the employee who testified at the hearing conceded that she was not proficient in that field.  However, since Taxation also provided the actual electronic string showing successful email delivery, the court finds credible Taxation's contention that it sent three emails to plaintiff, one of which contained the 2013 homestead benefit application.

Plaintiff's claim that he could not have received the emails because his computer may have been hacked does not establish that this was so during 2015 when Taxation emailed him the 2013 benefit application.  Plaintiff conceded he was consistently receiving mail at this address.  Further, even when he filed his 2013 benefit application by paper on May 27, 2016, he included that very same email address on the application.

---

[2] N.J.S.A. 54:4-8.62(a) requires a homeowner to annually apply for a homestead rebate.  However, the application "in any manner, upon any form, and in any format, whether in writing or otherwise, as shall be prescribed" by Taxation. Ibid.  Taxation is allowed to ask for any information in support thereof, including "sworn applications." Ibid.  Plaintiff correctly points out that rebate applications used to be a part of the gross income tax returns (as allowed by N.J.S.A. 54:4-8.62(a)), however, Taxation has discontinued that format.  Thus, and since the time to apply for the homestead benefit is not tied to the April 1 filing deadline for gross income tax returns, Taxation must initially send out the relevant homestead rebate applications to homeowners.  To this extent, Taxation's declaration in its final determination that it is "not required to mail out the rebate applications" and does so only "as a courtesy to homeowners" is misleading and incorrect.

Plaintiff argued that it is impossible to rely upon Taxation for knowing when to timely file an application since Taxation used to include the benefit application as part of the gross income tax return for which the appeal deadline of April 1 never varies. However, the deadline for homestead benefit application is entirely dependent upon the Legislature first approving funding of such benefits, and such approval is not on April 1 of any tax year.

In sum, for the above reasons, the court finds that Taxation duly notified plaintiff of his obligation to file a timely application for the 2013 homestead benefit and provided an application in this regard electronically. Overall, plaintiff has not demonstrated to the court that there is any cause to relax or adjust the ordinary filing deadline in his case. Therefore, Taxation properly denied plaintiff's late application.

Plaintiff's complaint is therefore dismissed and Taxation's final determination denying the 2013 homestead benefit application as untimely is hereby upheld.

Very Truly Yours,

Mala Sundar, J.T.C.